# Richmond.

## FLICK V. STAUFFER.

### NOVEMBER 23, 1899.

1. VENDOR AND PURCHASER—*Outstanding Encumbrance—Funds Left With Vendee—Suit by Encumbrancer—Payment—Attorney and Client—Estoppel.*—The mere fact that the maker of a note secured by deed of trust on land left in the hands of a purchaser, to whom he had sold the land, sufficient funds to pay all the liens thereon, is no defence to an action by the holder of the note, or his assignee, against the maker thereof. Nor is such assignee estopped to deny payment out of such funds by the fact that he was attorney for the purchaser, and examined the title to the land for him before the purchase was completed.

Error to a judgment of the Circuit Court of Buckingham county, rendered October 29, 1897, in an action of debt wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Reversed.*

The opinion states the case.

*A. R. Pendleton* and *D. C. Westenhaver,* for the plaintiff in error.

*H. D. Flood, A. W. Patterson,* and *J. R. Moss,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

It appears that on the 20th day of December, 1895, John Stauffer, the defendant in error, sold and conveyed to William A.

Morgart and Joseph R. Stauffer, several tracts of land situated in Berkeley and Morgan counties, West Virginia. It further appears that the purchasers employed Messrs. Flick and Westenhaver, attorneys of Martinsburg, W. Va., to examine the title to these lands. Upon their report of the title the transaction was closed by a deed to the purchasers, who retained in their hands enough of the purchase money to discharge certain liens upon the property, and paid the balance of the agreed price to the defendant in error.

A short time after the transaction had been closed, the plaintiff in error, one of the firm of Flick and Westenhaver, discovered that a certain deed of trust securing a note for $500, executed by the defendant in error to Augustus O. Brummel upon one tract of the land conveyed, had not been satisfied or provided for, and, feeling that he was responsible for the oversight of this lien, and not being willing that either his clients or his partner should suffer from his negligence, he immediately took steps to ascertain the whereabouts of the holder of the note secured by the deed of trust he had failed to report, paid him the full amount thereof, and had the deed of trust released, taking to himself, however, at the time of payment, an assignment of the note. John Stauffer, the maker of the note, and the vendor of the land upon which it had been secured, having removed to Buckingham county, Va., this action was instituted there, in September, 1896, by the plaintiff in error, as assignee of Augustus O. Brummel, to enforce the payment of said note.

The defendant in error filed three pleas, which are in effect pleas of payment. Nos. 2 and 3, in addition to the general plea of payment, set forth the mode in which the payment was alleged to have been made, and No. 3, further avers that the assignment of the note by Augustus O. Brummel to the plaintiff in error was illegal and void.

Upon the issues joined, the jury found a verdict for the defendant in error, and we are asked to review and reverse the

action of the Circuit Court in refusing to set aside that verdict as contrary to the law and the evidence.

There is no evidence in support of the averment in plea No. 3 that the assignment of the note was illegal and void. On the contrary, it is clearly shown by the plaintiff in error that the assignment was both legal and valid, and his acquisition of the note free from any just exception or criticism.

The transaction finally concluded between the parties, from which this controversy has arisen, was the result of a verbal agreement, and the deed does not furnish any aid in determining the controverted question as to the price paid for the land.

The testimony of the two lawyers who were present representing the purchasers, and that of the two purchasers, as well as that of the notary before whom the deed was acknowledged, shows that the purchase price of the land was $6,490, of which $4,518.25 was paid in cash to the defendant in error, and the residue, $1,971.75, reserved by the purchasers to pay three encumbrances, other than the Brummel deed of trust. This testimony is corroborated by an unsigned memorandum, made at the time, a copy of which was given to the defendant in error.

On the other hand, the evidence adduced by the defendant in error is his own testimony, from which it appears that the purchase price was $7,186.50, and that enough money was left in the hands of the purchasers to satisfy all the liens on the land.

Conceding that the conflict on this point must, under the rule applicable in cases of a demurrer to the evidence, be determined in favor of the defendant in error, and granting that a sum sufficient to pay all the liens was left in the hands of the purchasers for that purpose, the important and crucial question still remains: Has the plea of payment been sustained by the proof? The defendant in error merely proves that he left in the hands of William A. Morgart and Joseph R. Stauffer a sum sufficient to discharge all the liens on the land. He does not show what they did with the money, and there are no facts proved from

which the jury had a right to infer that they paid any part of it either to the original payee of the note or his assignee. The evidence is uncontradicted that the plaintiff in error took up the note with his own money, and that he did it to save his clients from loss resulting from his failure to report the lien to them. Morgart and Stauffer, with whom the money was left by the defendant in error, were strangers to 'this note. The evidence is uncontradicted that they did not know of its existence. The defendant in error does not pretend that he mentioned this lien at the time the money was left with the purchasers, although the testimony of the plaintiff in error showed that neither the note nor the deed of trust securing it was mentioned by any one at the time the transaction was closed.

The contention that the plaintiff in error is estopped to deny that the note was paid with money left by the defendant in error in the hands of the purchasers, because of his confidential relations to them as attorney, is not tenable. Had the plaintiff in error known or believed that the purchasers had money in their hands with which to pay the note, no reason is perceived why he might not, with perfect propriety, have become the owner of it. No prejudice was occasioned any one by his purchase of the note. If the plaintiff in error had never bought the note, surely his assignor could have sued the defendant in error and recovered, and the record furnishes no suggestion why the plaintiff in error should occupy a less favorable position than his assignor.

In conclusion, we are of opinion that the evidence wholly fails to show payment of the debt in the declaration mentioned, and, therefore, the judgment complained of must be reversed, the verdict of the jury set aside, and a new trial awarded, to be had in accordance with the views expressed in this opinion.

*Reversed.*